IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Admassu Regassa,<br><br>    Petitioner,<br><br>v.<br><br>Warden of FCI Williamsburg,<br><br>    Respondent. | C/A No.: 8:22-cv-466-SAL<br><br><br>**ORDER** |

  This matter is before the court for review of the September 7, 2022, Report and Recommendation of the United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 6363(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 23.] Regassa petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 on February 14, 2022. [ECF No. 1.] After the magistrate judge authorized service of Regassa's Petition, ECF No. 7, the Warden of FCI Williamsburg moved for summary judgment on May 19, 2022, ECF No. 18. Regassa timely responded to the summary judgment motion. [ECF No. 21.] The magistrate judge then issued her Report in which she recommended this court grant judgment for the Warden. [ECF No. 23, at 2.] Petitioner timely objected to the Report.[1] [ECF Nos. 25, 26.] The matter is now ripe for resolution.

**BACKGROUND**

  The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter. *See* [ECF No. 23.] Regassa did not object to the magistrate judge's recitation of

---

[1] Regassa filed two sets objections. [ECF Nos. 25, 26.] Though the documents are different, as shown by the differences in handwriting, they are substantively identical. *See generally* [ECF Nos. 25, 26.] The court cites to only ECF No. 26 to ensure consistency.

1

facts in the Report, and the court incorporates them without further discussion. But in his fourth objection, Regassa claims the magistrate judge incorrectly applied the legal standard of civil rights actions instead of the legal standard of habeas petitions. [ECF No. 26, at 5.] He then asks this court, "to the extent" those two standards differ, to "de novo review his Petition under applicable legal standards." *Id.* After a thorough review of the Report, the court finds the magistrate judge properly detailed and applied the habeas corpus standard and *not* a civil rights standard. The court therefore adopts the legal standards included in the Report without recitation.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, only has to review de novo the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Without specific objections to portions of the Report, this court need not explain its reasons for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 2017 WL 6345402, at *5 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-

2

RBH, 2017 U.S. Dist. LEXIS 175597, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 U.S. Dist. LEXIS 15489, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Regassa objects to the Report on four grounds. First, Regassa maintains his innocence as to the disciplinary proceeding and claims the Report failed to address his claims of innocence. Second, Regassa objects to the magistrate judge's recommendation by arguing a "genuine issue of material fact" exists as to the prison official's alleged misconduct. Third, he claims the magistrate judge erred by finding the adverse disciplinary proceeding does not affect the duration of his sentence. Fourth, and last, Regassa argues the Report uses the wrong standard and vaguely states his disagreement with the magistrate judge's recommendation.

The court finds that Regassa's first, second, and fourth objections are non-specific and only trigger clear error review. Notwithstanding this finding, the court briefly discusses each of these objections to highlight their non-specific nature. The court then addresses Regassa's third objection, the only specific objection he lodged.

### I. Regassa's first, second, and fourth objections are non-specific and trigger clear-error review.

To start, Regassa's first "objection" contains two parts: (1) he is innocent on the underlying disciplinary charges; and (2) the magistrate judge fails to address the merits of his claims of innocence and, instead, focuses on the procedural appropriateness of his petition. The first part of this objection is non-specific because Regassa argued his innocence in his opposition brief. *See* [ECF no. 21, at 3–6.] The second part of this objection is non-specific because he ignores the magistrate judge's analysis and repeats the arguments he made in his opposition brief. *See id.* at 6; *see also* [ECF No. 26, at 2–3.] While it is true the Warden focused only on the procedural appropriateness of Regassa's Petition and did not address its merits, the magistrate judge did not make that mistake. [ECF No. 23, at 8.]

In fact, the magistrate judge determined that "an analysis under § 2241 is the appropriate mechanism by which to review [Regassa's] claims arising from the [disciplinary proceeding]." *Id.* The magistrate judge then performed an analysis under the § 2241 standard and found that Regassa failed to properly allege a liberty interest at stake. *Id.* at 9. As a result, the court need not review de novo this portion of the Report. *See Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (quoting *Abou-Hussein v. Mabus*, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010), aff'd, 414 F. App'x 518 (4th Cir. 2011) ("Courts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in [their] filings related to summary judgment.'"). The court thus overrules Regassa's first objection.

Regassa's second "objection" is even less specific than the first. Regassa argues that a genuine issue of material fact exists as to prison officials' unlawful practices "to unfairly profile and target and harass and abuse and punish and victimize him." [ECF No. 26, at 3.] There are at least two problems with this "objection." First, Regassa fails to point to a specific portion of the

4

magistrate judge's Report to which this argument is directed. Second, he provides no facts supporting this conclusory allegation, which prevents the court from conducting a de novo review. Because of these failures, the court need only conduct a clear error review of the magistrate judge's Report as it relates to this "objection." *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted) (finding de novo review unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations"). The court thus finds the magistrate judge did not err when applying the summary judgment standard, and the court overrules Regassa's second "objection."

The court next determines that Regassa's fourth "objection" meets the same fate as the first and second objections. Regassa argues that his habeas petition is the appropriate vehicle to expunge the "bogus incident report." [ECF No. 26, at 5.] And while it is not entirely clear, Regassa then seems to argue the magistrate judge incorrectly applied the *Bivens* standard to his claims rather than a habeas standard. *Id.* But as the court noted above, the magistrate judge detailed and applied the standard for a § 2241 habeas petition and *not* a *Bivens* action. *Supra* p. 2 at Background. That leaves the court with Regassa's remaining argument in this "objection," that he "disagrees with the Report and Recommendation by the Magistrate Judge." [ECF No. 26, at 5.] This vague, conclusory statement fails to identify a specific portion of the Report containing any error and triggers only a clear error review. Finding no error, clear or otherwise, with the magistrate judge's determination that a § 2241 habeas petition is the correct procedural vehicle to analyze these claims, the court overrules Regassa's fourth "objection." The court must now determine whether Regassa's specific objection has any merit.

### II. The magistrate judge correctly found that Regassa's habeas petition fails because he challenges only the conditions of his confinement and not its duration.

Regassa specifically objects to the Report only in his third objection. In that objection, Regassa contests the magistrate judge's finding that any adverse effects of the disciplinary proceeding on Regassa's opportunities for parole were too speculative. [ECF No. 26, at 5.] He contends that the "bogus incident report" would, in fact, be considered by the Parole Commission and ultimately could affect the duration of his sentence, as it could render him ineligible for parole. Though not specified, Regassa presumably lodges this objection to challenge the magistrate judge's determination that his claim fails to assert a liberty interest and only challenges the conditions of his confinement. After a de novo review of the Report, Regassa's objection, and the relevant case law, the court finds that the magistrate judge did not err in making this conclusion.

"A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers." *Manigault v. Lamanna*, No. C/A8:06-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006); *see also United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (prisoners attacking "the computation and execution of [a] sentence rather than the sentence itself" must bring a § 2241 habeas petition). That is, challenges to the existence or duration of confinement must seek habeas corpus relief, while challenges to the conditions for confinement must be brought under a civil rights action. *See Brown v. Johnson*, 169 F. App'x 155, 156–57 (4th Cir. 2006) (citations omitted); *see also Mentzos v. Bureau of Prisons*, No. 3:19CV450, 2020 WL 5645818, at *4 (E.D. Va. Sept. 22, 2020) (emphasis added) (cleaned up) ("challenges to the conditions of confinement that would not result in a *definite* reduction in length of confinement are properly brought by some other procedural vehicle"). To survive then, Regassa's habeas

6

petition must challenge the fact or duration of his sentence and not the conditions of his confinement.

In his Petition, Regassa provided five purported grounds for relief. [ECF No. 1.] Only the fifth ground for relief is relevant to this objection. There, Regassa stated that "[t]his bogus incident report adversely affects the overall conditions of my confinement and creates undue burden and significant hardship on the overall quality of my daily life and severely [cripples] or most seriously jeopardizes [his] chances of being granted parole at [his] next rehearing." *Id.* at 8. He then claimed, "the Parole Board can use the bogus incident report against [him] as a perfect excuse to deny [his] parole." *Id.* Regassa also detailed that the disciplinary proceeding resulted in disqualification from employment opportunities, an increase in custody classification points, and prevention from being transferred to a low or minimum custody facility. *Id.*

The magistrate judge fully addressed these arguments in her Report and found that they failed to state a claim under § 2241 for two reasons: (1) the relationship of the disciplinary proceeding to Regassa's future parole proceedings is too speculative; and (2) the other adverse effects merely relate to Regassa's conditions of confinement. *See* [ECF No. 23, at 13–14.] Notwithstanding the magistrate judge's discussion of these issues, Regassa objects to her conclusion and argues the disciplinary proceeding *does* affect a liberty interest as the Parole Board has considered his disciplinary history at prior parole hearings. [ECF No. 26, at 4.] After reviewing the magistrate judge's findings and Regassa's objections, the court finds that Regassa fails to state a claim under § 2241 and the Warden is entitled to summary judgment.

To start, the court reviews the meat of Regassa's third objection—that the disciplinary proceeding affects a liberty interest because it will be reviewed by the Parole Board and that review may ultimately affect the duration of his sentence. Just as the magistrate judge concluded, the court

finds that Regassa's concern that the disciplinary proceeding will affect his parole eligibility is too speculative. The Fourth Circuit has held that claims that "*would not necessarily* result in a speedier release, [do not] lie at the 'core of habeas corpus,' and may be brought" in a civil rights action. *Brown*, 169 F. App'x at 157 (emphasis added) (first citing *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973) and then citing *Wilkinson v. Dotson*, 544 U.S. 74, 81–83 (2005)). As Regassa described in his objection, the Parole Board considers multiple factors besides disciplinary history such as "salient scores," and "risks of recidivism." [ECF No. 26, at 4.] Any claim that the disciplinary proceeding will render Regassa ineligible for parole is too speculative to consider it a strain on his liberty interests. The court thus finds that the magistrate judge did not err in this portion of the Report and overrules this portion of Regassa's objection.

And Regassa's remaining grounds for objecting—that the disciplinary proceeding disqualifies him from employment opportunities, increase his custody classification points, and prevent him from being transferred to a low or minimum custody facility—are similarly unavailing. Regassa's challenge to his newly lost privileges exemplifies a challenge to the conditions of confinement, as those privileges do not relate at all to the duration of his sentence. *See Reid v. Antonelli*, No. CV 6:18-990-MGL-KFM, 2018 WL 2770167, at *2 (D.S.C. May 22, 2018), report and recommendation adopted, No. CV 6:18-00990-MGL, 2018 WL 2764785 (D.S.C. June 7, 2018), aff'd, 746 F. App'x 226 (4th Cir. 2018) (finding the loss of privileges "that the petitioner suffered as a result of the disciplinary charge does not give rise to a federal habeas corpus claim because it fails to affect the length of the petitioner's confinement"). Further, any challenge as to facility transfers is not cognizable under § 2241 because it necessarily challenges the conditions of one's confinement and not its duration. *See Rodriguez v. Ratledge*, 715 F. App'x

8

261, 266 ("Conversely, Rodriguez's transfer to ADX Florence is not a cognizable § 2241 claim, because this petition challenges the conditions of his confinement, not its fact or duration.").

After a thorough review of Regassa's petition and objections, the court finds that the magistrate judge did not err in concluding he failed to state a claim under § 2241. As Regassa initially put it in his Petition, "[t]his bogus incident report adversely affects the overall *conditions of [his] confinement* and creates undue burden and significant hardship *on the overall quality of my daily life* and severely [cripples] or most seriously *jeopardizes* [his] chances of being granted parole[.]" [ECF No. 1, at 8 (emphasis added).] Despite his objections, Regassa fails to challenge the fact or length of his sentence. Instead, he brings a speculative challenge to future parole proceedings and then challenges only the conditions of his confinement. The magistrate judge thus did not err, and the court adopts her entire Report. As a result, the court grants the Warden's motion for summary judgment. [ECF No. 18.]

## CONCLUSION

Having reviewed the Report and Recommendation, the objections, and the record before this court, and for the reasons set forth above, the court adopts the entire Report, ECF No. 23, and **GRANTS** the Warden's motion for summary judgment, ECF No. 18. The Clerk of Court is instructed to enter judgment appropriately.

**IT IS SO ORDERED.**

March 7, 2023
Columbia, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge